UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br>CDCR #K-49649,<br><br>                     Plaintiff,<br><br>vs.<br><br>MARY ANNE GLYNN, et al.,<br><br>                     Defendants. | Case No.: 21cv2113-CAB (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT** |

      Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 9, 2022, the Court dismissed Plaintiff's Second Amended Complaint with prejudice for failure to state a claim pursuant to the screening provisions of 28 U.S.C. § 1915A(b), which require *sua sponte* dismissal of a prisoner's complaint, or any portion of it, which fails to state a claim. (ECF No. 19.) On December 7, 2022, Plaintiff constructively filed the instant Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 22.)

      A motion to alter or amend a judgment is construed under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

|   |   |
|---|---|
| 1 | Plaintiff's Motion was received by the Clerk of Court on December 9, 2022; |
| 2 | however, the Court considers it filed as of December 7, 2022, the day it was deposited it in |
| 3 | the prison mail.  (*See* ECF No. 22 at 8); *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (a |
| 4 | pro se prisoner pleading is deemed to be "filed" when it is delivered to prison authorities |
| 5 | for forwarding to the district court).  Thus, because Plaintiff's Motion was filed more than |
| 6 | 28 days after the entry of the Court's Order dismissing this action, it will be considered as |
| 7 | brought pursuant to Rule 60(b).  *See Am. Ironworks & Erectors*, 248 F.3d at 898-99. |
| 8 | Rule 60(b) empowers a district court to set aside a judgment for any of the following |
| 9 | reasons:  (1) "mistake, inadvertence, surprise or excusable neglect"; (2) "newly discovered |
| 10 | evidence that, with reasonable diligence, could not have been discovered in time to move |
| 11 | for a new trial under Rule 59(b)"; (3) "fraud . . . . misrepresentation, or misconduct by an |
| 12 | opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied released |
| 13 | or discharged; it is based on an earlier judgment that has been reversed or vacated; or |
| 14 | applying it prospectively is no longer equitable"; or (6) "any other reason that justifies |
| 15 | relief."  Fed. R. Civ. P. 60(b).  "Rule 60 reconsideration is generally appropriate in three |
| 16 | instances: 1) when there has been an intervening change of controlling law, 2) new |
| 17 | evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest |
| 18 | injustice."  *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. |
| 19 | 2001).  The party moving for relief under Rule 60(b) bears the burden of establishing |
| 20 | grounds for relief.  *Id*. at 1131.  They "must show more than a disagreement with the |
| 21 | Court's decision, and recapitulation of the cases and arguments considered by the court |
| 22 | before rendering its original decision fails to carry the moving party's burden."  *Id*. (internal |
| 23 | quote marks omitted). |
| 24 | Here, Plaintiff presents no basis or argument why he seeks to vacate the Court's |
| 25 | judgment of dismissal, but merely repeats language from the Court's dismissal order, |
| 26 | apparently disagreeing with its analysis.  (ECF No. 22 at 1-6.)   The Court construes |
| 27 | Plaintiff's Motion as brought based on a mistake by the Court.  Rule 60(b)(1) allows this |
| 28 | Court to relieve a party from an Order based on "mistake, inadvertence, surprise, or |

excusable neglect." However, in order to obtain relief under Rule 60(b)(1), Plaintiff "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). It may not be used to ask a court "'to rethink what the court had already thought through-rightly or wrongly.'" *Schertzer v. Bank of America, N.A*, No. 19cv0264-JM (MSB), 2021 WL 5849822, at *1 (S.D. Cal. Dec. 9, 2021), quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983). Plaintiff has not provided nor identified any basis for reconsideration and his Motion must be denied.

## Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Fed. R. Civ. P. 60(b) Motion for Vacate the Court's June 9, 2022, Order Dismissing his Second Amended Complaint.

**IT IS SO ORDERED**.

Dated:  December 13, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge